## FORTUNA ESTATES
### v.
## EMILIA V. HENNA.

---

San Juan, Equity, No. 970.

Equity Practice—Supplemental Bill.
    1. The bill in the nature of a supplemental bill has been abolished by the new equity rules, its place being taken by a supplemental bill.

Fortuna Estates v. Henna.

New Plaintiffs—Amendment.
>2. Where new plaintiffs are admitted by amendment the nature of the title under which the substitution is made should be shown by the bill.

Opinion filed July 26, 1917.

Mr. *O. B. Frazer* for plaintiff.

Mr. *Jaime Sifre* for People of Porto Rico.

HAMILTON, Judge, delivered the following opinion:

This case comes up upon a motion of Russell & Company, assented to by the plaintiff, for substitution as plaintiff in this cause, and a complaint stated to be supplemental is tendered by the proposed new plaintiff.

1. The contingency of an entire change of parties is contemplated by law. It not infrequently happens, as here, that one party or the other will dispose of his interest to a third person. If it be the defendant there would seem to be no reason for a change in the pleadings, although some paper or annotation may be proper for the protection of one party or the other. Legally, however, the new owner of the defendant's interest will abide the result of the suit. In regard to the plaintiff, the case is different. At common law the substitution of a different party plaintiff met with more difficulty. It amounted to an entire change of party, which is ordinarily not permissible at law. The equity practice was more flexible. New matters, whether of right or evidence, might always be brought into the case by a supplemental bill. This was necessarily by

Fortuna Estates v. Henna

the original plaintiff; and a purchaser, not being a party, could not file such a bill. The situation was met, however, by permitting him in a proper case to file a bill in the nature of a supplemental bill, and he was thereupon admitted as plaintiff. The new equity rules have simplified pleadings in many respects, although perhaps they have raised some questions of their own. New rule 19 permits a great extension of the right of amendment, and directs that supplemental matters may be brought in in this manner. It hardly goes so far, however, as to permit an entire change of plaintiff, and indeed on its face contemplates sometimes supplemental pleading. Rule 35 makes it plain that a supplemental bill is still part of the equity procedure, but nowhere is the old procedure by bill in the nature of a supplemental bill mentioned in any way. That procedure, therefore, may be considered as abolished, and whatever was formerly done by it may now be presented by the supplemental bill. Indeed the application for substitution in this case is not contested. The motion for substitution is therefore granted.

2. The old procedure as to bills in the nature of a supplemental bill is set out in Foster's Federal Practice, § 235, but, except for light it may throw upon new practice, may be disregarded. Simkins, Fed. Eq. Suit, p. 376. For all practical purposes it may be considered that the bill in the nature of a supplemental bill is either abolished or is consolidated with the supplemental bill, new equity rules 34, 35, and 37, and that larger facility for amendment is permitted under new equity rule 19. Russell & Company having been admitted as plaintiffs, or in effect substituted for the original plaintiffs, they could under the liberal rule as to amendment add a fuller

statement of their claim of prescription. Why, then, may they not be permitted to make this fuller allegation in the new bill under which they are admitted? Under rule 35 it is no longer necessary to set out the previous history of the litigation. The court will get at that from the docket. But it is necessary to show the nature of the title under which the substitution is made. The new bill alleges that the new plaintiffs come in by purchase, but this is not up to the allegations required by pleading. The purchase is by deed, and the deed must have been made at a certain time and place, and is or is not registered. The bill should therefore be amended to show these facts, and when amended it will be permitted to be filed and the case proceed with the new plaintiff.

It is so ordered.